# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBORAH TISCHLER,<br><br>                      Plaintiff,<br><br>v.<br><br>ALLSTATE PROPERTY AND<br>CASUALTY INSURANCE COMPANY,<br>                      Defendant. | Case No: CIV-12-530-C |

## COMPLAINT

COMES NOW the Plaintiff and for her cause of action against Defendant, alleges and states:

1. Plaintiff, Deborah Tischler, is a resident of Oklahoma City, Oklahoma County, State of Oklahoma.

2. Defendant, Allstate Property and Casualty Insurance Company, is a corporation, a foreign insurance company incorporated and domiciled in the State of Illinois and maintains its principal place of business in a state other than Oklahoma.

3. Venue is correct in the Western District and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because the parties have diverse citizenship and the amount in controversy exceeds $75,000.00.

4. Plaintiff owns a home at 2916 N.W. 19th, Oklahoma City, OK 73107 that was insured by Defendant, insurance policy number 9 45 232648 08/25 at all times material herein.

5. On or about May 23, 2011, the subject insured property was damaged in a

wind and hail storm.

6. Plaintiff made due demand on Defendant for payment of the policy benefits, and met all conditions precedent for payment of those benefits.

7. Plaintiff gave proper and timely notice of this claim and proof of loss of the claim to Defendant, through its representatives, and otherwise complied with all conditions precedent for recovery under the subject insurance policy.

8. In their handling of Plaintiff's claim, Defendant breached the insurance contract and the implied covenant of good faith and fair dealing, as a matter of standard business practice, in the following respects:

   a. failing and refusing payment and other policy benefits on behalf of Plaintiff at a time when Defendant knew that it was entitled to those benefits;

   b. failing to properly investigate Plaintiff's claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

   c. withholding payment of the benefits on behalf of Plaintiff knowing that Plaintiff's claims for those benefits were valid;

   d. refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

   e. refusing to honor Plaintiff's claims in some instances by applying restrictions not contained in the policy;

   f. refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

   g. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

   h. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

    i.      forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable;

    j.      failing to properly evaluate any investigation that was performed; and

all in violation of the covenant of good faith and fair dealing and resulting in financial benefit to the Defendant.

9.      As a proximate result of the Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the policy benefits, embarrassment, anxiety, frustration and mental and emotional distress, and other incidental damages as a result of the above described acts and omissions by Defendant.

10.      Defendant has acted intentionally and with malice towards others or has been guilty of reckless disregard for the rights of others entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of $75,000.00 for compensatory damages and in an amount in excess of $75,000.00 in punitive damages plus interest, costs, attorney fees and all other relief which the Court deems just and equitable.

**JURY TRIAL DEMANDED**  
**ATTORNEY LIEN CLAIMED**

    s/Steven S. Mansell  
    Steven S. Mansell, OBA #10584  
    Mark A. Engel, OBA #10796  
    Kenneth G. Cole, OBA #11792  
    **MANSELL ENGEL & COLE**  
    101 Park Avenue, Suite 665  
    Oklahoma City, OK  73102-7203  
    Telephone: (405) 232-4100  
    Facsimile: (405) 232-4140  
    Email:  mansell-engel@coxinet.net

    **ATTORNEYS FOR PLAINTIFF**