IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBORAH TISCHLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-12-530-C |
| ) | |
| ALLSTATE PROPERTY AND ) | |
| CASUALTY INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff's home sustained wind and hail damage on May 23, 2011. On February 7, 2012, Plaintiff called the Allstate Claim Help Line to report the damage to her house from the May 23, 2011, storm. Defendant's adjustor inspected Plaintiff's home on February 14, 2012. As a result of that inspection, the adjustor determined that the roof was a total loss and issued payment to Plaintiff for the roof on February 14, 2012. However, the adjustor determined that the damage to the interior of the house had been worsened by Plaintiff's failure to take steps to mitigate the damage to her roof. As a result, the adjustor denied Plaintiff's claim for damages to the interior of her home. Plaintiff argues that because she contacted her agent shortly after the storm and notified him that she had damage to her home, this triggered an obligation on Defendant to take further action, including sending an adjustor out to her home. Plaintiff argues that Defendant's failure to act in this matter was unreasonable and in bad faith and in breach of her contract of insurance with Allstate.

Plaintiff brought the present action asserting claims against Defendant for breach of contract and bad faith, and seeking punitive damages. Arguing that it acted reasonably in its

handling of Plaintiff's claim, Defendant now seeks summary judgment on Plaintiff's claims for bad faith and punitive damages.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed

in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## ANALYSIS

It is undisputed that Plaintiff's home suffered damage as a result of the May 23, 2011, storm. The issue in this case is when Plaintiff reported that damage to Allstate and triggered Allstate's duty to adjust her claim. Plaintiff points to her telephone conversation with her agent, Mike Ellenburg. Relying on 36 Okla. Stat. § 1435.3(A), Plaintiff asserts that when she notified her agent of the damage, that notification was imputed to Allstate and thereby triggered Allstate's duties under her contract for insurance. Defendant does not dispute the effect of § 1435. Rather, Defendant asserts that Plaintiff did not make a claim to Mr. Ellenburg, and therefore no obligations were triggered until February 7, 2012.

Review of Plaintiff's deposition testimony in this matter supports Defendant's claim. On page 47 of Plaintiff's deposition, she relates a conversation she had with Mr. Ellenburg, stating, "I said that I had damage from the storm and that I was fine, there was no need – basically the conversation that I had with him was that I was fine, there wasn't any damage to my floors or anything, there were people that lost their lives and their homes in the May 3rd tornado, and that I would get my claim filed and get it taken care of after that." (Dkt. No. 41, Ex. 3.) Later, at page 50, Plaintiff states she told Mr. Ellenburg, "I told him that I was fine right now and that I had understood that there was people that lost their houses and their lives, so I would – you know, that we could work on this later." When asked, "You didn't ask for him to take any further action with Allstate at that time?" Plaintiff answered, "No,

3

sir." Finally, at page 83, discussing later conversations she had with Mr. Ellenburg, the question was posed to Plaintiff, "Did you ever ask that a claim be submitted?" Plaintiff answered, "No, sir." Plaintiff then agrees that the claims process was formally started on February 7, 2012. Based on Plaintiff's clear deposition testimony, the Court finds that no reasonable jury could find Plaintiff had initiated a claim with Allstate prior to February 7, 2012. Plaintiff's bad faith claim, which is premised on Defendant's denial of the claim based on a failure to mitigate, hinges squarely on the existence of a claim being made to Allstate prior to February 7, 2012. Consequently, that claim cannot survive.

In the absence of any valid bad faith claim, Plaintiff's claim for punitive damages also fails. See Sides v. John Cordes, Inc., 1999 OK 36, ¶ 11, 981 P.2d 301, 305 (noting that it is up to the trial judge to first determine if there is any competent evidence demonstrating that defendant is engaged in at least one of the statutorily enumerated behaviors which give rise to a punitive damages claim under 23 Okla. Stat. § 9.1).

For the reasons set forth herein, Defendant Allstate Property and Casualty Insurance Company's Motion for Partial Summary Judgment (Dkt. No. 38) is GRANTED. Defendant is entitled to judgment on Plaintiff's claims for bad faith and punitive damages. A separate judgment will issue at the close of these proceedings.

IT IS SO ORDERED this 7th day of May, 2013.

ROBIN J. CAUTHRON
United States District Judge